ORIGINAL

JUDGE GARDEPHE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILVYN ANTONIO ROSARIO MARTINEZ,<br>a/k/a "Anthony,"<br><br>Defendant. | **INDICTMENT**<br><br>25 Cr.<br><br>**25 CRIM 325** |

**COUNT ONE**
**(Conspiracy to Distribute Narcotics)**

The Grand Jury charges:

1.  From at least in or about December 2024 through at least in or about July 2025, in the Southern District of New York and elsewhere, WILVYN ANTONIO ROSARIO MARTINEZ, a/k/a "Anthony," the defendant, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the controlled-substance laws of the United States.

2.  It was a part and an object of the conspiracy that WILVYN ANTONIO ROSARIO MARTINEZ, a/k/a "Anthony," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3.  The controlled substance involved in the offense was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## COUNT TWO
### (Firearms Use, Carrying, and Possession, Including Machineguns)

The Grand Jury further charges:

4.      On or about May 7, 2025, in the Southern District of New York and elsewhere, WILVYN ANTONIO ROSARIO MARTINEZ, a/k/a "Anthony," the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the narcotics trafficking conspiracy charged in Count One of this Indictment, knowingly used and carried firearms, and in furtherance of such crime, possessed firearms, and added and abetted the use, carrying, and possession of firearms, including multiple parts designed and intended solely and exclusively for use in converting a weapon into a machinegun capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(B)(ii), and 2)

## COUNT THREE
### (Possession and Transfer of Machineguns)

The Grand Jury further charges:

5.      On or about May 7, 2025, in the Southern District of New York and elsewhere, WILVYN ANTONIO ROSARIO MARTINEZ, a/k/a "Anthony," the defendant, knowingly possessed and transferred machineguns, to wit, ROSARIO MARTINEZ sold to an individual multiple parts designed and intended solely and exclusively for use in converting a weapon into a machinegun capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger.

(Title 18, United States Code, Section 922(o)(1))

## FORFEITURE ALLEGATION

6. As a result of committing the offense alleged in Count One of this Information, WILVYN ANTONIO ROSARIO MARTINEZ, a/k/a "Anthony," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

7. As a result of committing the offenses alleged in Counts Two and Three of this Information, WILVYN ANTONIO ROSARIO MARTINEZ, a/k/a "Anthony," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offense.

### Substitute Assets Provision

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
JAY CLAYTON
United States Attorney